UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN A. IOZZA, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-261-P-S |
| | ) |
| INHABITANTS OF THE TOWN OF LIMERICK, | ) |
| | ) |
|    Defendant | ) |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT**

John Iozza has filed a 42 U.S.C. § 1983 action alleging that his Fourth Amendment rights were violated when the Town of Limerick trespassed on his property and took photographs. Iozza acknowledges that the Town "may" enter onto his property to abate a nuisance per the state junkyard statute but argues that this does not mean that it "must." Pending is a motion for summary judgment filed by the town to which Iozza responded in a pro forma fashion on January 20, 2010. Following a brief skirmish over Iozza's simultaneous motion to extend discovery, which I ultimately denied, I gave him an extension until March 1, 2010, to file a substantive response to the motion for summary judgment.[1] Iozza has filed a second opposing

---

[1] I entered the following docket entry:
    Plaintiff has not shown sufficient cause for his failure to timely pursue available discovery. However, I will grant plaintiff a brief extension of his time to respond to the pending motion for summary judgment. His response to that motion must be filed by March 1, 2010, if he wants the court to consider it when ruling on the pending motion.
(Doc. No. 50.)
    This is not the first time that Iozza has been dilatory in challenging the town's actions vis-à-vis his property. The Maine Law Court ruled on his direct appeal:
        John A. Iozza appeals from the judgment of the District Court … entering judgment for the Town of Limerick in its M.R. Civ. P. 80K land use violation action after Iozza failed to appear for trial. Because Iozza did not seek to strike the default or reopen the judgment in the trial court before appealing to this Court, we review the trial court's judgment only for obvious error. Fleet Mortgage Corp. v. Cobb, 611 A.2d 565, 566 (Me. 1992). Contrary to Iozza's contentions, the court … did not err or abuse its discretion in denying Iozza's motion for a continuance. The available record indicates that Iozza had more than sufficient time to obtain legal counsel and

response which is limited to legal arguments; he has not filed a response to the defendant's statement of fact as required by District of Maine Local Rule 56. I now recommend that the court grant in part the defendant's motion for summary judgment, entering judgment on so much of the amended complaint pertaining to Iozza's request for prospective injunctive relief that would bar the Town of Limerick from enforcing final orders of the courts of the State of Maine.

*Discussion*

*Summary Judgment Standard*

"Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). I draw all reasonable inferences in favor of Iozza, but where he bears the burden of proof, he "'must present definite, competent evidence' from which a reasonable jury could find in [his] favor." United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).

Iozza, who has set forth argument in his response opposing the defendant's motion, has not presented any evidence in defense of the motion for summary judgment. However, this court,

> may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue,

---

prepare a defense, since his discussions with the Town regarding his automobile junkyard had begun far in advance of trial.
(Doc. No. 46-1.)

summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 -8 (1st Cir. 2002). Although Iozza is provided some latitude as a pro se litigant, he must still defend his action within the context of the pleading rules. See, e.g., Collins v. Colorado Dept. of Corrections, Civ. No. 08-cv-02657-WYD-KMT, 2010 WL 254959, 8 (D. Colo. Jan. 15, 2010).

Although given the opportunity, Iozza has not complied with District of Maine Local Rule 56. Subsection (c) of Local Rule 56 provides:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule.

Dist. Me. Loc. R. 56(c).

*Undisputed Facts*

On September 24, 2009, the Town of Limerick obtained a default judgment against John A. Iozza in a land use enforcement matter. (SMF ¶ 1.) The default order and judgment found that Iozza was in violation of 30-A M.R.S § 3753 because he established and maintained a junkyard on property owned by him and located in Limerick. (Id. ¶ 2.) Under the terms of the order, Iozza was required to clean up his property within sixty days of the date of the order. (Id. ¶ 3.) The order provided that if Iozza failed to clean up the property within sixty days of the date of the judgment, the town was authorized to clean up the property and to place a lien on it to secure payment to reimburse the town's costs of cleanup, as allowed by 30-A M.R.S.A. § 3758-

A. (Id. ¶ 4.) The order also required Iozza to pay the town a fine in the amount of $10,000 and attorney's fees and court and service costs in the amount of $4040. (Id. ¶ 5.) Iozza appealed the order to the Maine Law Court. (Id. ¶ 6.) As part of his appeal, Iozza argued that the town had violated his privacy rights by entering his property without his permission. (Id. ¶ 7.) On March 17, 2009, the Law Court issued a Memorandum of Decision that upheld the judgment issued by the Maine District Court. (Id. ¶ 8.) On April 24, 2009, the town attorney sent a letter to Iozza informing him that the town would undertake cleanup of the property, in accordance with the terms of the default judgment, if Iozza failed to clean up the property to the satisfaction of the town's Code Enforcement Officer by June 8, 2009. (Id. ¶ 9.) Iozza continues to refuse to clean up his property or to allow the town to do so, as required by the default judgment. (Id. ¶ 9.) According to the record before me, the town has not taken steps to clean up Iozza's property due to this pending litigation. (Id. ¶ 10.)

*Analysis*

Iozza's amended complaint seeks a temporary, preliminary, and permanent injunction prohibiting the town's code enforcement officer and any town official from authorizing a contractor to come onto Iozza's property for the purpose of removing Iozza's personal property, or for the purpose of taking more photographs of Iozza's alleged violation of Maine's junkyard law. (Am. Comp. at 7.) In his second opposition memorandum Iozza summarizes: "Plaintiff's complaint alleges that the Town violated his Fourth Amendment rights secured by the United States Constitution by entering onto his property to take photographs of the vehicles that have been kept on his private property that the Town of Limerick claims are in violat[ion] of 30-A M.R.S.A. § 3753." (2d. Opp'n Mem. at 1.)

4

The Town has not briefed the merits of this claim, relying as they do exclusively on Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  With respect to the relief related to the junkyard violations – the removal process – the town is correct that this court could not render the remedy that Iozza seeks given the final default judgment in the state court.  However, the picture is not so crystal clear with regards to the alleged violation of Iozza's posited Fourth Amendment right not to have people, acting on the behest of the Town of Limerick, enter the curtilage of his property without permission and to take photographs, not in execution of any state court order.  It is not possible at this stage of the action to determine if something like the open fields doctrine might be in play or some other legal impediment might bar the Town's liability for a claimed constitutional violation, see Oliver v. United States, 466 U.S. 170 (1984); Hester v. United States, 265 U.S. 57 (1924),  as well as other liability issues that are lurking here, see Monell v. Dept. of Soc. Servs., 436 U.S. 658, 691 (1978).   Because of the way it has postured this motion, the Town of Limerick does not deny that one of its agents entered Iozza's property in order to take pictures of the offending vehicles or junkyard situation.  The central question with respect to resolving the pending motion, then, is whether or not the Town is entitled to summary judgment on the entire case on its Rooker/Feldman argument.

     I conclude that the Town is not entitled to a complete judgment as the case is currently postured.  Iozza purports to state a Fourth Amendment claim based upon the trespass by agents of the Town.  Whether his allegation states a constitutional claim or not has never been tested by a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  Additionally, the Town has not put forth facts in support of a motion for summary judgment addressed to the constitutional privacy issue.  Instead, the Town has chosen to rely entirely upon the Rooker/Feldman doctrine,

which can be a slender reed indeed in the context of an otherwise actionable Fourth Amendment claim.  See, e.g., Booth v. Carvell, No. CV-F-08-1912 LJO GSA, 2009 WL 3233807, 2-4 (E.D.Cal.  Oct. 2, 2009).   In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, (2005) the Supreme Court substantially limited the lower courts' application of the Rooker/Feldman doctrine to only those cases where the plaintiff seeks redress of an injury caused by an allegedly erroneous state court decision.  Iozza alleges his privacy rights were violated by a trespass by the Town's agent.  The Fourth Amendment does protect a privacy interest in the home's curtilage.  Although the prospective injunctive relief Iozza currently seeks would be barred by Rooker/Feldman, his claim extends beyond the state court judgment. See Davison v. Gov't of P. R.-P. R. Firefighters Corps., 471 F.3d 220, 222-23 (1st Cir. 2006)(noting authorities holding that if a plaintiff alleges a constitutional violation by an adverse party independent of the state court judgment, Rooker/Feldman is not applicable).   I cannot recommend that summary judgment enter against Iozza's civil rights action in its entirety.

## *Conclusion*

Based on the forgoing, I recommend that the Court grant in part the motion for summary judgment and enter judgment on behalf of the Town of Limerick with respect to his request for prospective injunctive relief that would call into question the final judgment of the courts of the State of Maine.  I also recommend that defendant be given leave to file another dispositive motion, if it chooses to do so, directed at the surviving claim against the Town arising under the Fourth Amendment and grounded in a claim of trespass while taking pictures of the home.  The deadline for filing such a motion would be 14 days after final decision on the now pending motion if the court accepts this recommendation.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 9, 2010.