### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN A. IOZZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 09-261-P-S |
| | ) | |
| INHABITANTS OF THE TOWN OF LIMERICK, | ) ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON MOTION FOR SUMMARY JUDGMENT AND RECOMMENDED DECISION

Before the Court is Defendant's Motion for Summary Judgment (Docket # 43). On March 9, 2010, the United States Magistrate Judge filed with the Court her Recommended Decision (Docket # 56), which recommended that summary judgment be granted in part and denied in part. Defendant filed its Objection to the Recommended Decision (Docket # 58) on March 18, 2010. Plaintiff filed his Response to Defendant's Objection to the Recommended Decision (Docket # 59) on April 7, 2010.[1]

The Court has reviewed and considered the Recommended Decision, together with the entire record, and made a de novo determination of all matters adjudicated by the Magistrate Judge. To the extent that the Magistrate Judge recommended granting summary judgment for Defendant on all claims for injunctive relief, the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision.

To the extent that the Magistrate Judge recommended denying without prejudice summary

---

[1] This Response was filed one day after the response deadline. Nonetheless, the Court has considered Plaintiff's Response and determined that it does not alter the outcome of the Court's decision.

judgment as to any remaining trespass claim for money damages, the Court rejects this portion of the Recommended Decision. In the Court's view, any such claim is barred by res judicata. "The doctrine of res judicata prevents the relitigation of matters already decided." Portland Water District v. Standish, 940 A.2d 1097, 1099 (Me. 2008). Assuming Plaintiff's Complaint can be generously read to include a claim for money damages arising out of an allegedly unconstitutional trespass on to his property,[2] such a claim is subject to claim preclusion when (1) the same parties were involved in the earlier action; (2) a valid final judgment was entered in the prior action; and (3) the claim presented in the second action either was or might have been litigated in the first action. See id. The mere fact that the prior state case went to final judgment based on Plaintiff's default (for failing to appear at trial) does not prevent the application of res judicata under Maine law. See, e.g., State v. Thompson, 958 A.2d 887, 890-92 (Me. 2008); Maines v. Sec'y of State, 493 A.2d 326 (Me. 1985). Plaintiff's Law Court Brief makes clear that he in fact presented arguments that the Town's Code Enforcement Officer had engaged in an unlawful and unconstitutional trespass on his property. (See Def. Ex. 2 (Docket # 45-3) at 10, 13.) The Law Court's decision affirming judgment in favor of Limerick made clear that the trial court's decision could only be reviewed for plain error in light of Mr. Iozza's default, which he did not attempt to have set aside prior to pursuing his appeal.

"It is well settled that state court decisions have the same preclusive effect in federal courts that they would have in the state where the judgment was issued." Miller v. Nichols, 586 F.3d 53, 60 (1st Cir. 2009). In this case, the judgment in Town of Limerick v. Iozza, Docket No. Yor-08-589, precludes Plaintiff from pursuing damages for any alleged unconstitutional trespass that occurred as part of Limerick's prior inspection of his property in accordance with 30-A M.R.S.A. § 4452(1)(A).

---

[2] Although Defendant did not dispute the validity of such a reading in its original motion papers or its Objection to the Recommended Decision, the Court's own review of the Amended Complaint (Docket # 20) indicates that Plaintiff did not explicitly seek money damages in his Complaint, only injunctive relief. (See Am. Compl. (Docket # 20) at 7 (listing four specific requests for relief)).

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Docket # 43) is hereby GRANTED. It is therefore ORDERED that the Recommended Decision (Docket # 56) is hereby AFFIRMED IN PART AND REJECTED IN PART. Judgment shall be entered in favor of Defendant.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 15th day of April, 2010.